UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOSE A. ABREU DURAN,

                Plaintiff,

  -against-

THE CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT, NYPD ("P.O")
DOMINICK MARTORELLI & NYPD ("P.O".)
FAUSTO GOMEZ, in their individual and
Official capacities,

                Defendants.

-----------------------------------------------------------------X

**AMENDED COMPLAINT**

**PLAINTIFF DEMANDS**
**TRIAL BY JURY**

Plaintiff, JOSE A. ABREU DURAN, by his attorneys, ALTAGRACIA NUNEZ & ASSOCIATES, P.C., complaining of the defendants, respectfully alleges, upon information and belief, as follows:

## NATURE OF ACTION

1. This is a civil action, pursuant to 42 U.S.C. Sections 1983 and 1988, and state law, seeking monetary damages for plaintiffs, JOSE A. ABREU DURAN, due to the wrongful and unconstitutional seizure, detainment, arrest, and unlawful use of force towards plaintiff, JOSE A. ABREU DURAN, despite the absence of probable cause, caused by the pervasive misconduct of the NEW YORK CITY POLICE DEPARTMENT ("NYPD"), its agents, servants and/or employees..

2. This lawsuit seeks to hold the defendants liable for misconduct under the federal civil rights statute, 42 U.S.C. 1983. The unlawful actions of the defendants in this matter resulted from affirmative or de facto municipal policies, practices and customs to violate the constitutional rights of criminal suspects and defendants, or from deliberate indifference by policy-making officials, acting on behalf of defendants, to such violations.

## JURISDICTION, VENUE and CONDITIONS PRECEDENT

3. This action arises under 42 U.S.C. Sections 1983 and 1988, and under the common law of the State of New York.

4. Jurisdiction is conferred on this Court by 28 U.S.C. Sections 1331 and 1343, and by the principles of pendent jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. Section 1391(a)(2) in that plaintiff's claim arose n the Southern District of New York.

6. On or about the 28th day of January, 2013, plaintiffs served upon defendant, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, a Notice of Claim pursuant to New York General Municipal Law Section 50-e.

7. Hearings of the plaintiff, pursuant to General Municipal Law Section 50-h was held on March 12, 2013.

8. That at least thirty (30) days have elapsed since the service of said notice of claim, that adjustment and payment thereof has been neglected and refused.

9. This action has been commenced within one year of the accrual of Plaintiffs'

10. Plaintiffs have duly complied with all of the conditions precedent to the commencement of this action.

## THE PARTIES

11. Plaintiff, JOSE A. ABREU DURAN is a resident of the County of New York, City and State of New York.

12. At all times herein mentioned, defendant THE CITY OF NEW YORK (hereinafter referred to as "THE CITY"), was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York. It is authorized by law to maintain a policed department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY, assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by NYPD.

13. At all times hereinafter mentioned, the defendant, NEW YORK CITY POLICE DEPARTMENT (P.O.) NYPD ("P.O") DOMINICK MARTORELLI & NYPD ("P.O".) FAUSTO GOMEZ, in their individual and official capacities, (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees, and agents of the NYPD.

Accordingly, said defendants are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to N.Y.F.O.L. Section 50-k. The Law Department, then, is hereby put on notice (a) that plaintiff intends to name said officers as defendants in an amended pleading once the true names and shield numbers of said defendants becomes known to plaintiff and (b) that the Law Department should immediately begin

preparing their defense in this action.

14. The individual defendants are being sued in their individual and official capacities.

15. At all times relevant herein, the individual defendants were employed by the NYPD, acted toward plaintiff, JOSE A. ABREU DURAN, under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

16. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice and in gross disregard of plaintiff's rights.

17. At all relevant times herein, the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described hereinafter and lending their physical presence and support and the authority of their offices to one another.

## FACTS AND ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

18. On January 13, 2013, plaintiff JOSE A. ABREU DURAN, resided at 58 E. 117 Street, Apt. 2I, New York, NY 10035.

19. Plaintiff, has resided at the aforementioned address for more than 10 years pursuant to a lease agreement with Madison Court Associates, LP.

20. On the early morning of January 13, 2013, plaintiff, returned home from a restaurant by the name "La Abuelita Restaurant" where he had been socializing with his girlfriend Diana Lopez and a couple of friends.

21. On January 13, 2013, upon his return from the restaurant, plaintiff, realized that his apartment door was double locked and he was unable to open said door to enter the apartment.

22. On January 13, 2013, plaintiff, JOSE A. ABREU DURAN, called out to his girlfriend Ms. Diana Lopez, who came home ahead of him and was inside the apartment. He requested that she open the door and allow him in.

23. Ms. Diana Lopez refused to open the door to allow plaintiff, to enter the apartment.

24. On January 13, 2013, plaintiff, JOSE A. ABREU DURAN, called 911 and requested assistance from the police in order to gain entrance to his apartment.

25. At approximately 4:50 AM, Police Officers DOMINICK MARTORELLI & FAUSTO GOMEZ arrived to the apartment building and met plaintiff, JOSE A. ABREU DURAN who was waiting for the police at the vestibule of his apartment building located at 58 E. 117 Street.

26. FAUSTO GOMEZ was a dark skin heavy set Hispanic male, approximately 5' 6" tall and 270 pounds.

27. DOMINICK MARTORELLI was a light skin Caucacian male approximately 6' tall and 200 pounds.

28. Upon their arrival to the apartment building PO FAUSTO GOMEZ, questioned Plaintiff JOSE A. ABREU DURAN for several minutes while standing in the vestibule of his building.

29. Plaintiff was questioned as to whether he had been drinking the night of January 12 and as to the reason why his girlfriend would not allow him into his apartment.

30. Plaintiff acknowledged being at a restaurant and having some beers with his friends.

31. Plaintiff explained that his girlfriend locked the apartment because she was upset with him because he wanted to stay at the restaurant longer, while she wanted to go home earlier.

32. PO FAUSTO GOMEZ explained to plaintiff, JOSE A. ABREU DURAN that he (Mr. Abreu) could not enter the apartment and that he was going to be taken to the hospital in order to disintoxicate him.

33. At 5:00 AM, PO DOMINICK MARTORELLI approached plaintiff, cornered him, turned him around and hand cuffed him while PO FAUSTO GOMEZ held plaintiff in place.

34. Neither PO FAUSTO GOMEZ or PO DOMINICK MARTORELLI told the plaintiff whether he was under arrest or read his Miranda Rights.

35. BOTH PO FAUSTO GOMEZ and PO DOMINICK MARTORELLI escorted plaintiff outside the apartment building.

36. Plaintiff kept on asking why he could not get into his apartment and why he was being arrested since he had not done anything.

37. Plaintiff asked PO DOMINICK MARTORELLI who was holding him while in handcuffed, why they were taking him in handcuff and said that the officers were being racist.

38. Upon hearing this statement from plaintiff, Police Officer DOMINICK MARTORELLI appeared very upset and proceeded to lift plaintiff by both elbows and slammed him against a glass window shattering the window while Police Officer FAUSTO GOMEZ was calling on his police radio.

39. As a consequence of the blow to his head against the glass window, plaintiff sustained a laceration to his right ear, right side of his head behind the right ear, as well as his right elbow.

40. At approximately 5:20 AM, an ambulance arrived and plaintiff was placed in the ambulance still handcuffed.

41. Defendants police officers PO FAUSTO GOMEZ and PO DOMINICK MARTORELLI refused to grant Plaintiff's numerous requests to please remove the handcuffs because they were too tight and were hurting him and also because he wanted to clean up the blood dripping from his nose and mouth.

42. Plaintiff remained handcuffed while he was taken to Harlem Hospital escorted by Police Officer FAUSTO GOMEZ, notwithstanding plaintiff's numerous requests that the cuffs be removed

43. Plaintiff, JOSE A. ABREU DURAN was admitted, and treated at the hospital for his injuries, but charges were not pressed against him as a consequence of this incident.

44. The next day an older gentleman came to visit Plaintiff at his hospital room and without identifying himself, explained to Plaintiff that "there were no problems" and that no charges will be brought against him for this incident.

45. Plaintiff JOSE A. ABREU DURAN continues to suffer from the injuries he sustained as a consequence of the accident as well as from the nightmares and fears towards police officers since his arrest.

46. That the within events were in violation of plaintiff's civil and constitutional rights, constituted false arrest, false imprisonment, abuse of process, intentional and negligent infliction of emotional distress, intentional and negligent infliction of physical harm while being handcuffed, negligent hiring, screening, retention, supervision and training, and resulting injury to plaintiff was caused solely by reason of the intentional acts, negligence, carelessness, recklessness and/or deliberate indifference of the defendants, their agents, servants, and employees in the performance of their duties, in falsely arresting the plaintiff; in willfully and maliciously inflicting injuries to the plaintiff while handcuffed; in failing to fully and properly investigate the facts and circumstances underlying the alleged events which served as the predicate for the arrest of the plaintiff; in failing to exercise due care and diligence; in failing to accept and/or listen to the plaintiff of to the plaintiff's rendition of the events; in failing to follow established rules, regulations or procedures; in wrongfully arresting and detaining the plaintiff; in failing to take heed of the circumstances then and there prevailing, in conducting the aforesaid arrest and detention of plaintiff in a deliberately indifferent and emotionally abusive manner; in humiliating and embarrassing the plaintiff before the public generally and his neighbors; in failing to advise the plaintiff of the reason for his arrest or the nature of the charges being brought against him; in causing plaintiff economic hardship and loss of earnings; in denying the plaintiff the due process of law; in denying the plaintiff the equal protection of the law; in violating the plaintiff's civil and Constitutional rights; in subjecting the plaintiff to cruel, inhuman and unusual punishment; in that the defendants failed to take proper precautions to

prevent these occurrences; in failing to properly supervise its employees; in that defendants in a supervisory position failed to supervise their subordinates; in verbally and emotionally abusing the plaintiff; in that the defendants and its employees were negligent; in wrongfully conspiring amongst all defendants in such a manner as to deprive plaintiff of his constitutional and civil rights in violation of the laws to the United States and the State of New York and the City of New York; that defendants and their employees failed to take proper precautions to prevent the happening of the incident; in failing to protect the safety and emotional well being of the plaintiff prior to and once he was handcuffed; in treating plaintiff with deliberate indifference to his emotional well being; in failing to protect the plaintiff from the abusive behavior of defendants or their agents, servants and/or employees.

### AS AND FOR A FIRST CAUSE OF ACTION FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. SECTION 1983

47.     Plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "46" set forth above with the same force and effect as if fully set forth herein at length.

48.     Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person, including the excessive use of force and intentional infliction of physical harm; (b) freedom from arrest without probable cause; (c) freedom from wrongful detention without good faith, reasonable suspicion or legal justification, and of which plaintiff was aware and did not consent; (d) freedom from abuse of process; and (e) freedom from deprivation of liberty without due process of law.

49. As a result of the conduct of the defendants, the plaintiff, JOSE A. ABREU DURAN, was caused to sustain severe injuries, pain and suffering, fear of imminent bodily harm, emotional upset and distress, loss of reputation, humiliation and mental anguish in his public and private life, denial of due process of the law, denial of equal protection of the law, and deprivation of his civil rights as secured by the Constitutions of the United States, the State and City of New York.

### AS AND FOR A SECOND CAUSE OF ACTION FOR SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. SECTION 1983

50. Plaintiff repeats, reallegs and reiterates each and every allegation set forth in paragraphs "1" through "51" set forth above with the same force and effect as if fully set forth herein at length.

51. By failing to remedy the wrongs committed by their subordinates, in failing to properly train, screen, supervise, or discipline their subordinates, and through their personal participation in the wrongs committed against plaintiff, those defendants in a supervisory position, caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. Section 1983, and the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments.

52. As a result of the conduct of the defendants, the plaintiff, JOSE A. ABREU DURAN, was caused to sustain severe injuries, pain and suffering, fear of imminent bodily harm, emotional upset and distress, loss of reputation, humiliation and mental anguish in his public and private life, loss of liberty, deprivation of freedom, denial of due process of the law, denial of equal protection of the law, and deprivation of his civil rights as secured by the Constitutions of the United States, the State and City of New York.

### AS AND FOR A THIRD CAUSE OF ACTION FOR FAILURE TO INTERVENE AND DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION, THE FOURTH AMENDMENT AND 42 U.S.C. SECTION 1983

53. Plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "54" set forth above with the same force and effect as if fully set forth herein at length.

54. Members of the New York City Police Department have an affirmative duty to assess the constitutionality of the interactions between their fellow members of service and civilians and to intervene where they observe another member of the Police Department or other law enforcement agency employing unjustified and excessive force against a civilian or falsely arresting a civilian.

55. Defendants' use of force against plaintiff was obviously excessive and unjustified under the circumstances yet defendants in a supervisory position failed to take any action or make any effort to intervene, halt or protect the plaintiff from being subjected to excessive force by other individual defendants.

56. As a result of the conduct of the defendants, the plaintiff, JOSE A. ABREU DURAN, was caused to sustain severe injuries, pain and suffering, fear of imminent bodily harm, emotional upset and distress, loss of reputation, loss of employment, loss of earnings, defamation of character, humiliation and mental anguish in his public and private life, loss of liberty, deprivation of freedom, denial of due process of the law, denial of equal protection of the law, and deprivation of his civil rights as secured by the Constitutions of the United States, the State and City of New York.

## AS AND FOR A FOURTH CAUSE OF ACTION UNDER RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

57. Plaintiff repeats, realleges and reiterates each and every allegation set forth in

paragraphs "1" through "58" set forth above with the same force and effect as if fully set forth herein at length.

58. The conduct of the individual defendants alleged herein, occurred while he or she was on duty and in uniform, and/or in and during the course and scope of his or her duties and function as New York City POLICE OFFICERS, and/or while he or she was acting as an agent and employee of defendant THE CITY OF NEW YORK, clothed with and/or invoking state power and/or authority, and, as a result, defendant, THE CITY OF NEW YORK, is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

59. As a result of the conduct of the defendants, the plaintiff, JOAE A. ABREU DURAN, was caused to sustain severe injuries, pain and suffering, fear of imminent bodily harm, emotional upset and distress, loss of reputation, humiliation and mental anguish in his public and private life, loss of liberty, deprivation of freedom, denial of due process of the law, denial of equal protection of the law, and deprivation of his civil rights as secured by the Constitutions of the United States, the State and City of New York.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR VIOLATIONS OF THE NEW YORK STATE CONSTITUTION

60. Plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "59" set forth above with the same force and effect as if fully set forth herein at length.

61. Defendants' conduct alleged herein breached the protections guaranteed to plaintiff by the New York State Constitution, Article I, Sections 8, 11 and 12, including the following rights: (a) freedom from unreasonable seizure of his person, including the excessive use of force; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment, meaning wrongful detention without good faith, reasonable suspicion or legal justification, and of which

plaintiff was aware and did not consent; (d) freedom from abuse of process; and (e) freedom from deprivation of liberty without due process of law.

62. As a result of the conduct of the defendants, the plaintiff, JOSE A. ABREU DURAN, was caused to sustain severe injuries, pain and suffering, fear of imminent bodily harm, emotional upset and distress, loss of reputation, humiliation and mental anguish in his public and private life, loss of liberty, deprivation of freedom, denial of due process of the law, denial of equal protection of the law, and deprivation of his civil rights as secured by the Constitutions of the United States, the State and City of New York.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR FALSE ARREST AND FALSE IMPRISONMENT

63. Plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "62" set forth above with the same force and effect as if fully set forth herein at length.

64. By the actions set forth above, defendants caused to be falsely arrested or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without and right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

65. As a result of the conduct of the defendants, the plaintiff, JOSE A. ABREU DURAN, was caused to sustain severe injuries, pain and suffering, fear of imminent bodily harm, emotional upset and distress, loss of reputation, humiliation and mental anguish in his public and private life, loss of liberty, deprivation of freedom, denial of due process of the law, denial of equal protection of the law, and deprivation of his civil rights as secured by the Constitutions of the United States, the State and City of New York.

### AS AND FOR A SEVENTH CAUSE OF ACTION FOR
### ABUSE OF PROCESS

66.  Plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "65" set forth above with the same force and effect as if fully set forth herein at length.

67.  By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm the plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to the plaintiff, which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

68.  As a result of the conduct of the defendants, the plaintiff, JOSE A. ABREU DURAN QUINN, was caused to sustain severe injuries, pain and suffering, fear of imminent bodily harm, emotional upset and distress, loss of reputation, humiliation and mental anguish in his public and private life, loss of liberty, deprivation of freedom, denial of due process of the law, denial of equal protection of the law, and deprivation of his civil rights as secured by the Constitutions of the United States, the State and City of New York.

### AS AND FOR AN EIGHTH CAUSE OF ACTION FOR
### INTENTIONAL AND NELGLIGENT INFLICTION OF EMOTIONAL DISTRESS

69.  Plaintiff repeats, realleges and reiterates each and every allegation set forth in

paragraphs "1" through "68" set forth above with the same force and effect as if fully set forth herein at length.

69. [sic — 70.] Defendants engaged in extreme and outrageous conduct directed at plaintiff.

71. Defendants engaged in conduct with an intention to cause, or in reckless disregard of the substantial probability that it would cause, plaintiff severe emotional distress.

72. Plaintiff suffered severe emotional distress as a result of, and that was proximately caused by, the defendants' aforementioned actions.

73. As a result of the conduct of the defendants, the plaintiff, JOSE A. ABREU DURAN, was caused to sustain severe injuries, pain and suffering, fear of imminent bodily harm, emotional upset and distress, loss of reputation, humiliation and mental anguish in his public and private life, loss of liberty, deprivation of freedom, denial of due process of the law, denial of equal protection of the law, and deprivation of his civil rights as secured by the Constitutions of the United States, the State and City of New York.

## AS AND FOR AN NINTH CAUSE OF ACTION FOR NEGLIGENCE

74. Plaintiffs repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "73" set forth above with the same force and effect as if fully set forth herein at length.

75. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

76. As a result of the conduct of the defendants, the plaintiff, JOSE A. ABREU DURAN, was caused to sustain severe injuries, pain and suffering, fear of imminent bodily harm, emotional upset and distress, loss of reputation, loss of employment, humiliation and mental

anguish in his public and private life, loss of liberty, deprivation of freedom, denial of due process of the law, denial of equal protection of the law, and deprivation of his civil rights as secured by the Constitutions of the United States, the State and City of New York.

## AS AND FOR A TENTH CAUSE OF ACTION FOR NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

77. Plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "76" set forth above with the same force and effect as if fully set forth herein at length.

78. Defendant, THE CITY OF NEW YORK, negligently hired, screened, retained, supervised, and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

79. As a result of the conduct of the defendants, the plaintiff, JOSE A. ABREU DURAN, was caused to sustain severe injuries, pain and suffering, fear of imminent bodily harm, emotional upset and distress, loss of reputation, humiliation and mental anguish in his public and private life, loss of liberty, deprivation of freedom, denial of due process of the law, denial of equal protection of the law, and deprivation of his civil rights as secured by the Constitutions of the United States, the State and City of New York.

## JURY DEMAND

80. Plaintiff demands a trial by jury in this action on each and every cause of action.

WHEREFORE, the plaintiff demands judgment against the defendants, individually and/or jointly, and prays for the relief as follows:

(a) For compensatory damages;

(b) For punitive damages against the individual defendants;

(c) For reasonable attorneys' fees together with costs and disbursements of this action pursuant to 42 U.S.C. 1988;

(d) For pre-judgment interest as allowed by law; and

(e) For such other and further relief as this court deems just and proper.

Dated: New York, New York
May 5, 2014

Yours, etc.

ALTAGRACIA NUNEZ & ASSOCIATES, P.C.
Attorneys for Plaintiffs
JOSE A. ABREU DURAN

BY: _____
Altagracia M. Nunez (AN 1307)
450 Fashion Avenue
Suite 2207
New York, New York 10123
(212) 785-0800